UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JIMMY DALE MILLER,
    Plaintiff,

vs.                                    10-1198

MICHAEL RANDLE, et al.,
    Defendants

### MERIT REVIEW ORDER

      This cause is before the court for merit review of the plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

      The plaintiff, a pro se prisoner, has filed his complaint pursuant to 42 U.S.C.§1983 against 22 defendants from Pontiac Correctional Center. Rule 8 of the Federal Rules of Civil Procedure requires that the plaintiff submit "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The plaintiff's complaint does not meet this standard. The complaint, including exhibits, is 137 pages long and addresses a variety of allegations.

      In addition, the plaintiff may not file unrelated claims against unrelated defendants in the same lawsuit. *See George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007). The plaintiff admits his complaint involves claims of: denial of medical and mental health treatment, denial of medication, confiscation and destruction of legal materials, violation of a court order, tampering with legal mail, violation of attorney/client privileges, unsanitary cell conditions and denial of toiletries. (Plain. Mot. #11, p. 2) The plaintiff may not simply say that all defendants were involved in each claim. It is clear from his complaint that most claims involve different individuals. The Seventh Circuit has held that "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits..." In addition, a pro se prisoner cannot avoid filing fees by attempting to combine several distinct claims in one complaint. *Id.* The Seventh Circuit has advised that such "buckshot" complaints should be dismissed. *Id.*

      Therefore, the court will strike the plaintiff's initial complaint as a violation of Rules 8, 18 and 20 of the Federal Rules of Civil Procedure. The court will instruct the clerk of the court to provide the plaintiff with a blank complaint form to file an amended complaint. The plaintiff must pick which claim he would like to proceed on in this case. If the plaintiff wants to proceed

with other unrelated claims against unrelated defendants, he must file additional lawsuits.  The plaintiff is advised that if he does state unrelated claims in his amended complaint that are frivolous, malicious or fail to state a claim upon which relief can be granted, he will incur strikes that may prevent him from proceeding *in forma pauperis* in the future. *See George,* 507 F.3d at 607

In addition, the plaintiff should only name those defendants who were personally involved in the claims against him.  A defendant cannot be held liable under 42 USC §1983 unless the plaintiff can demonstrate that the defendant's caused or participated in the alleged constitutional violation. *McBride v. Soos*, 679 F.2d 1223, 1227 (7th Cir. 1982).   Also, the mere fact that an individual was a supervisor is insufficient to establish liability because the doctrine of *respondeat superior* (supervisor liability) does not apply to actions filed under  42 USC §1983.  *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992).  A supervisor cannot be held liable for the errors of his subordinates.

The plaintiff has filed various other motions including: a motion for appointment of counsel [d/e 3]; a motion for sanctions [d/e 10] and motions for temporary restraining orders. [d/e 9, 11, 13]  The motions are denied.  The court cannot consider the motion for appointment of counsel until the plaintiff has clearly articulated his claims.

The purpose of a temporary restraining order is usually to preserve the status quo for a brief period until a hearing can be held on a request for a preliminary injunction." *Higgason v. Swihart*, 1994 WL 818229 (N.D. Ind. 1994)   The purpose of a preliminary injunction is to preserve the status quo pending a final hearing on the merits of the case. *American Hospital Ass'n v. Harris*, 625 F.2d 1328, 1330 (7th Cir. 1980) "A preliminary injunction is an extraordinary remedy that is only granted where there is a clear showing of need." *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999).

The prerequisites to the granting of a preliminary injunction are well established.  To support the issuance of a preliminary injunction, a plaintiff must demonstrate:  (1) a reasonable likelihood of success on the merits; (2) the inadequacy of a remedy at law; (3) the existence of irreparable harm if the injunction is not issued; (4) the threat of harm to the plaintiff outweighs the threatened harm to the defendant if the injunction were issued; and (5) the granting of a preliminary injunction will not disserve the public interest. *Somerset House, Inc. v. Turnock*, 900 F.2d 1012, 1014-15 (7th Cir. 1990).   The plaintiff must satisfy each of these elements to prevail. *Id* at 1015 The plaintiff has not met this burden.  The plaintiff simply says that "some of the defendants I've named are known for beating prisoners and planting contraband in cells." (Plain Memo #9, p 2) The plaintiff makes no specific claims that the defendants have taken action against him.

The plaintiff's motion for sanctions is actually an affidavit the plaintiff has filed with the court complaining that he was moved to a hot cell and officers went through his papers. [d/e 10] This is not a proper filing with the court.  The plaintiff may use the grievance process at the prison to address his concerns.  The plaintiff is also admonished not to file random affidavits with the court. [d/e 10, 12].  The plaintiff may file clearly labeled motions or responses to motions or court orders.

**IT IS THEREFORE ORDERED that:**

**1) The plaintiff's complaint is dismissed as a violation of Rules 8, 18 and 20 of the Federal Rules of Civil Procedure.**

**2) The plaintiff must file an amended complaint in compliance with this court order on or before August 6 , 2010.   The clerk of the court is to provide the plaintiff with a blank complaint form to assist the plaintiff.  If he plaintiff fails to file the proposed amended complaint or fails to follow the court's direction, his case will be dismissed.**

**3) This cause is set for merit review on the amended complaint on August 17, 2010 at 8:30 a.m. by telephone conference call.  No writ to issue at this time.**

**4) The plaintiff's motion for appointment of counsel [d/e 3], motion for sanctions [d/e 10] and motions for a temporary restraining order are denied. [d/e 9, 11, 13]**

Entered this 19th Day of July, 2010.

**\s\Harold A. Baker**

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE