**E-FILED**
Wednesday, 08 December, 2010 02:20:27 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JIMMY DALE MILLER,
   Plaintiff,

vs.                    No. 10- 1198

MICHAEL RANDLE, et. al,
   Defendants

### MERIT REVIEW AND CASE MANAGEMENT ORDER

This cause is before the court for case management and consideration of the Plaintiff's motion for appointment of counsel [d/e 16] and various motions to amend his complaint. [d/e 18, 19, 20].

### I. BACKGROUND

The pro se Plaintiff originally filed his complaint on June 25, 2010, pursuant to 42 U.S.C. §1983 against 22 Defendants from Pontiac Correctional Center. On July 19, 2010, the court conducted a merit review of the Plaintiff's complaint and found that it was a violation of Rules 8, 18 and 20 of the Federal Rules of Civil Procedure. *See* July 19, 2010 Court Order. The Plaintiff had not provided a "short and plain statement" of his claims showing that he was entitled to relief. Fed. R. Civ.P. 8 (a)(2). The Plaintiff was also advised that he could not file unrelated claims against unrelated defendants in the same lawsuit and he could only sue defendants that were personally involved in the allegations. *See* July 19, 2010 Court Order; *see also George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007); *see also McBride v Soos,* 679 F.2d 1223, 1227 (7th Cir. 1982). The Plaintiff was given directions for filing an amended complaint and given additional time to comply with the court order. *See* July 19, 2010 Court Order.

On July 22, 2010, the court received the Plaintiff's first amended complaint. [d/e 15]. On July 26, 2010, the court received the plaintiff's second amended complaint. [d/e 17, 18]. The Plaintiff stated that he filed his first amended complaint before he had a chance to review the court order. However, the Plaintiff has now filed two additional documents asking to amend his complaint which were both filed on August 19, 2010. [d/e 19, 20]. The Plaintiff has not explained why he filed two additional complaints, nor which complaint he would like the court to consider. However, one complaint does not appear to contain all of the plaintiff's claims [d/e 19] and the other is more clearly labeled a "Third Amended Complaint."[d/e 20]. Therefore, the court will allow the Plaintiff to file his Third Amended Complaint [d/e 20], and will dismiss his other unauthorized motions to amend his complaint as moot. [d/e 18, 19].

## II. MERIT REVIEW

The court is still required by 28 U.S.C. §1915A to "screen" the Plaintiff's third amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The Plaintiff has named 15 Defendants in his Third Amended Complaint including: Illinois Department of Corrections (herein IDOC) Director Michael Randle; Administrative Review Board Member Sherry Benton; Warden Guy Pierce; Correctional Officer Jason Allen; Wexford Health Care; Correctional Officer West; Mental Health Specialist Mr. Angus; Dr. John Garlick; Medical Technicians Stacy Headlee, Brenda Wilson and Richard Canton; Dr. Steven Taller; Dr. Shute; Dr. Shaffer and Early Intervention Coordinator Michelle Clark.

The Plaintiff's complaint is twenty-three handwritten pages and covers a wide variety of topics. However, the Plaintiff has clearly divided his complaint into eight counts:

COUNT ONE: Intentional infliction of emotional distress/ Eighth Amendment cruel and unusual punishment.

The Plaintiff says on December 8, 2009, he was placed on suicide watch after he ingested several pills. The Plaintiff says Defendant Stacey Headlee moved him to a cell without his clothes, no working water, no toiletries and a broken or poorly insulated window. The Plaintiff says the room was extremely cold and officers working in the area were wearing coats. The Plaintiff says other rooms were available, but Defendant Headlee refused to move him.

The Plaintiff has stated a violation of his Eighth Amendment rights. To plead such a claim, the Plaintiff need only allege that prison officials deliberately ignored conditions of confinement that failed to meet contemporary requirements of minimal decency. *Townsend v. Fuchs,* 522 F.3d 765, 773 (7th Cir. 2008); *Delaney v DeTella,* 256 F.3d 679, 683 (7th Cir. 2001). These requirements include the right of a prisoner "not to be confined in cell at so low a temperature as to cause severe discomfort." *Del Raine v. Williford,* 32 F.3d 1024,1035 (7th Cir. 1994). "Cold temperatures need not imminently threaten inmates' health to violate the Eighth Amendment." *Dixon v Godinez,* 114 F.3d 640, 642 (7th Cir. 1997); *see also Palmer v Johnson,* 193 F.3d 346 (5th Cir. 1999)(finding that exposure to extreme cold for 17 hours could constitute Eighth Amendment violation).

To determine whether the Plaintiff's constitutional rights were violated, the court will consider several factors, such as "the severity of the cold; its duration; whether the prisoner has alternative means to protect himself from the cold; the adequacy of such alternatives; as well as

whether he must endure other uncomfortable conditions as well as cold." *Dixon,* 114 F.3d at 644.

The Plaintiff also claims that Defendant Headlee committed the state law offense of intentional infliction of emotional distress. This claim "requires three elements: (1) the conduct must be extreme and outrageous; (2) the actor must intend to inflict severe emotional distress, or know there is a high probability the conduct will cause severe emotional distress; and (3) the conduct must cause severe emotional distress." *B.F.G. v Blackmon,* 2008 WL 4155263 at 5 (N.D. Ill Sept. 8, 2008), *see also McGrath v Fahey,* 533 N.E.2d 806, 808 (Ill. 1988). The Plaintiff only mentions seeing this Defendant when he was first placed in the cell and he only remained in the cell for two days. Nonetheless, the Plaintiff states that Headlee was aware that the Plaintiff had just taken several pills and that his cell was extremely cold. For the purposes of notice pleading, the court finds the Plaintiff has stated a second claim against this Defendant. Whether or not the claim can withstand summary judgement is another matter.

COUNT TWO: Deliberate Indifference to Medical Condition/ Retaliation

The Plaintiff says in early December of 2009, he complained to Defendant Angus that he was not receiving his psychiatric medications. The Plaintiff said he had discussed the problem with his attorney and the possibility of legal action. Defendant Angus said he would not be intimidated by the Plaintiff's threats and threw him out of his office. The Plaintiff also apparently filed a grievance about the lack of medication.

The Plaintiff says when he was taken to the cold cell on December 8, 2009, he was denied all of his property. The Plaintiff says another inmate was brought in to a neighboring cell and he was allowed to keep his property with him. The Plaintiff says he complained to Defendant Angus and Garlick about the temperature in his cell and the lack of property, but they took no action. The Plaintiff says he also heard Defendant Angus refer to the Plaintiff's threat of a lawsuit and Defendant Garlick stated that they should "let him stew." (Comp, p. 18)

The Plaintiff says from December 10 to December 14, 2009, he was transferred to a different cell in the North Cell House that was covered with feces, blood and food particles. The Plaintiff says he complained to Defendants Angus and Garlick and requested his medication, but they ignored all of his complaints.

The Plaintiff has articulated several claims against these Defendants. The Plaintiff has alleged that both Defendants Angus and Garlick were deliberately indifferent too his serious medical condition. The Plaintiff has a "right to receive reasonable medical treatment for a serious injury or medical need, including mental health needs." *Wells v Bureau County*, 2010 WL 2670892 at 5 (C.D. Ill. July 2, 2010). To establish liability, a prisoner must demonstrate two elements: an objectively serious medical condition; and, an officials deliberate indifference to that condition. *Johnson v. Synder,* 444 F.3d 579, 584 (7th Cir. 2006). A medical condition is

3

objectively serious if a physician has determined that treatment is mandated, or if it is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* at 584-85 *quoting Gutierrez v. Peters*, 111 F.3d 1364, 1372 (7th Cir. 1997). A prison official is deliberately indifferent if he knows of a substantial risk of harm and disregards that risk. *Matais v. Fairman*, 120 F.3d 88, 91 (7th Cir. 1997). The Plaintiff simply says that Defendants Angus and Garlick refused to provide psychiatric medications. The Plaintiff does not claim that he suffered from any specific condition or that he had been prescribed a specific medication.

In order to plead a viable claim under Rule 8(a) of the Federal Rules of Civil Procedure, Plaintiff must allege "enough facts to state a claim to relief that is plausible in its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 547 (2007); *Bissessur v Indiana University Board of Trustees,* 581 F.3d 599, 602 (7th Cir. 2009). *Twombly* and its progeny *Ashcroft v Iqbal,* 129 S.Ct. 1937 (2009) interpreted Rule 8(a) to require this new pleading standard for all cases. Construing the allegations of the complaint in the light most favorable to the Plaintiff, although not pled, the court will infer that the doctors were either aware that the Plaintiff has some need for mental health care or medication since the Plaintiff had just taken several pills and was placed in a cell that was a suicide prevention cell. This inference fills the critical gap in Plaintiff's pleading burden under Rule 8(a) to plead enough facts to state a "plausible claim for relief." *Twombly,* 550 U.S. at 556. Whether or not Plaintiff can prove this critical fact as well as other elements of his claim is a matter left for summary judgement or trial.

The Plaintiff has also adequately alleged that Defendants Angus and Garlick retaliated against him in violation of the First Amendment. The Plaintiff says he was placed in an extremely cold cell and both defendants refused to move him to a new cell or return his property because he had previously filed a grievance against Defendant Angus. *Pearson v Welborn,* 471 F.3d 732, 740 (7th Cir. 2006) (filing grievances is protected conduct.) In order to prevail on this claim, the Plaintiff must ultimately show "1) he engaged in an activity protected by the First Amendment; 2) he suffered a deprivation that would likely deter First Amendment activity in the future and 3) the First Amendment activity was 'at least a motivating factor' in the defendant's decision to take retaliatory action." *Bridges v Gilbert,* 557 F.3d 541, 547 (7th Cir. 2009) *quoting Massey v Johnson,* 457 F.3D 711, 716 (7th Cir. 2006). Whether or not the Plaintiff can prove all the elements of this claim as he is required to do, is a matter left for summary judgement or trial.

The Plaintiff has also adequately alleged that Defendants Angus and Garlick violated his Eighth Amendment rights based on his living conditions in both the cell on December 8, 2009 and the cell on December 10, 2009.

COUNT THREE: Deliberate indifference to medical condition.

The Plaintiff says when he was in the cold cell on December 8, 2009, he banged on his door until Defendant West stopped by. He told her that he was very cold and requested a

different cell. The Defendant told the Plaintiff that it was below zero outside, but he was responsible for his own placement due to taking the pills. The Plaintiff also told Defendant West that his stomach was in great pain and he needed medication, but she refused to get any medical help.

Again, it is unclear that the Plaintiff suffered from a serious medical condition. The Seventh Circuit has acknowledge that a "serious medical need" is far from "self-defining." *Gutierrez v Peters,* 11 F3d 1364, 1370 (7th Cir. 1997). However, the court noted that the Supreme Court clearly intended to include not only conditions that are life-threatening, but also those in which denial or delay in medical care results in needless pain and suffering. *Id.* Therefore, for the purposes of notice pleading, the court finds that the Plaintiff has adequately alleged that Defendant West was deliberately indifferent to his serious medical condition.

The court also notes that the Plaintiff has adequately alleged that Defendant West violated his Eighth Amendment rights based on his living conditions.

COUNT FOUR: Inhumane living conditions.

The Plaintiff says when he was moved to the unsanitary cell, Defendant Allen gave him a dirty blanket soiled with feces. In addition, Defendant Allen saw the unsanitary condition of the Plaintiff's cell, but refused to move the Plaintiff or provide him with any cleaning supplies. Defendant Allen also refused to provide the Plaintiff with his personal property, including toilet paper, even after medical personnel said it had been approved for the Plaintiff.

The Plaintiff has stated a violation of his Eighth Amendment rights based on the unsanitary conditions in the cell he was placed in on December 10, 2008 and the failure to provide cleaning supplies and toilet paper.

COUNT FIVE: Deliberate indifference to medical condition/ "negligence/malpractice." (Comp, p. 21)

The Plaintiff says after he was removed from the unsanitary cell, he developed boils. Over the next five months he says Dr. Shute, Dr. Taller and Dr. Shaffer did not take his condition seriously and did not properly evaluate him. Instead, he was given a variety of different treatments including creams and medication. The Plaintiff says he received a different diagnosis from each doctor, and they refused his requests for additional testing. In addition, the doctors refused his requests for stomach medication, but the Plaintiff provides no more information about any possible stomach condition.

The Plaintiff says Medical Technicians Brenda Wilson and Richard Canton withheld his medication. Defendant Wilson interrupted him when he was trying to talk to a doctor about his

medical conditions and Defendant Canton refused to take his sick call requests regarding his medical conditions. The Plaintiff does not state what specific medical conditions he believed needed a doctor's care.

The Plaintiff has not clearly articulated a violation of his Eighth Amendment rights. Although the outbreak of boils on the Plaintiff's body could qualify as a serious medical condition, the Plaintiff has not stated that the Defendants were deliberately indifferent to that condition. Differences of opinion among medical personnel concerning appropriate medical treatment does not constitute deliberate indifference. *Williams v Ravanam,* 2009 WL 722571 at 8 (C.D.Ill. Mar. 18, 2007) In addition, inadequate medical treatment due to negligence or even gross negligence does not support an Eighth Amendment violation. *Shockley v Jones*, 823 F.3d 1068, 1072 (7th Cir. 1987). "It is not enough to simply assert facts that, if true would constitute poor or negligent medical care. Such assertions might make out a state law tort claim for medical malpractice, but they do not support a claim that the petitioners rights under the Eighth Amendment have been violated." *Greer v Daley,* 2001 WL 34377922 at 3 (W.D. Wis. 2001); *see also Estelle v Gamble,* 929 U.S. 103, 106 (1976)("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). The court notes that the Plaintiff has not followed the proper procedure to allege a state law claim of medical malpractice. *See* 735 ILCS 5/2-622(a). Furthermore, while the Plaintiff claims Defendants Canton and Wilson attempted to interfere with medical care, he simply refers to care for general "medical conditions." (Comp., p. 22).

COUNT SIX: "Deliberate indifference-breach of the state constitutional duty to protect/properly investigate grievances, violation of court order.

The Plaintiff says he personally spoke to Defendant IDOC Director Randle and Warden Pierce about each of his complaints. In addition, the Plaintiff says he wrote to Defendants Clark, Benton, Pierce and Randle and filed several grievances. The Plaintiff says the Defendants violated the constitution as well as their state duty to protect him when they failed to properly investigate those grievances. The Plaintiff also says he provided the Defendants with a copy of "court order," but it was disregarded. It is not clear what order the Plaintiff is referring to.

The Plaintiff has failed to articulate a violation of his constitutional rights. "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir.1995). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley*, 959 F.2d 644, 648 (7th Cir.1992); *Shango v. Jurich*, 681 F.2d 1091 (7th Cir.1982). Therefore, prison officials incur no liability under § 1983 if they fail or refuse to investigate such grievances. *See Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir.2005) (inmate's claim that prison officials failed to investigate his grievances that mail room and security staff was stealing his property was indisputably meritless because inmate did not

have a due process right to an investigation).*Wilkins v. Illinois Dept. of Corrections*, 2009 WL 1904414 at 9 (S.D.Ill. July 1, 2009)("Because inmates do not have a due process right to have their claims investigated at all, an allegation that any investigation which is actually conducted by prison officials was "inadequate" or "improper" does not state a constitutional claim.")

COUNT VII: Deliberate indifference

The Plaintiff says he wrote an extensive complaint to Wexford Health Care Solutions regarding the "unknown infection Plaintiff contracted and the failure of its staff to provide adequate medical treatment. " (Comp, p. 24) In addition, the Plaintiff says he complained about the discriminatory practices and misconduct of Wexford employees. The Plaintiff says he received no response. As the court has noted, the Plaintiff has failed to articulate that a medical employee was deliberately indifferent to the boils or infection that he developed.

COUNT VIII:

The Plaintiff has not really listed a separate Count VIII, but instead asks for several forms of injunctive relief.

## MOTION FOR APPOINTMENT OF COUNSEL

The Plaintiff has filed a motion for appointment of counsel. [d/e 16] In considering the plaintiff's motion, the court asks: "(1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the Plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir.1993). The Plaintiff has provided evidence that he has attempted to retain counsel on his own.

Nonetheless, at this point in the litigation, the Plaintiff appears competent to represent himself. His claims are not complex. The Plaintiff can describe the conditions of his cells and any efforts he made to ask for a new cell. The Plaintiff can also state when he asked for medical attention and provide any medical records demonstrating that he did not receive care and any records that support his claim of a stomach condition.

The Plaintiff may also utilize any of the discovery methods prescribed in the Federal Rules of Civil Procedure, subject to the same terms and conditions as any other civil litigant. The Plaintiff may submit his written interrogatories for the Defendants to defense counsel. *See* Fed.R.Civ.P. 33. The Plaintiff may also submit requests for production of documents to defense counsel. *See* Fed.R.Civ.P. 34. If the Defendants do not properly respond to the Plaintiff's requests for relevant information, he may then file a motion with the court to compel discovery. *See* Fed.R.Civ.P. 37.

**IT IS THEREFORE ORDERED:**

1) The Plaintiff's third motion to amend his complaint is granted. [d/e 20]. The Plaintiff's previous, unauthorized motions to amend his complaint are denied as moot. [d/e 17, 18, 19] The Clerk of the Court is directed to file the Plaintiff's Third Amended Complaint. [d/e 20]. Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the court finds that the Plaintiff states the following federal claims:

> a) Defendants Headlee and West violated the Plaintiff's Eighth Amendment rights when the Plaintiff was forced to move into and remain in a very cold cell on December 8, 2009, with no clothes, no working water and no toiletries.
>
> b) Defendant Headlee committed the state law offense of intentional infliction of emotional distress based on the Plaintiff's cell placement on December 8, 2009.
>
> c) Defendant Allen violated the Plaintiffs Eighth Amendment rights when the Plaintiff was moved into an unsanitary cell with no cleaning supplies on December 10, 2009.
>
> d) Defendants Angus and Garlick violated the Eighth Amendment based on the Plaintiff's leaving conditions in both the cold cell and the second, unsanitary cell.
>
> e) Defendants Angus and Garlick were deliberately indifferent to the Plaintiff's serious medical condition when they refused care for his mental health condition.
>
> f) Defendants Angus and Garlick retaliated against the Plaintiff in violation of his First Amendment rights when they refused to move him to a new cell with adequate heat or return his property
>
> g) Defendant West was deliberately indifferent to the Plaintiff's serious medical condition when the defendant refused to get medical attention for Plaintiff on December 8, 2009 for his severe stomach pain.

2) All other claims based on federal law, other than those set forth in paragraph one above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A. The clerk of the court is directed to dismiss Defendants Randle, Benton, Pierce, Wexford, Wilson, Clark, Canton, Dr. Taller, Dr. Shute and Dr. Shaffer.

3) This case shall proceed solely on those federal claims identified in paragraph one above. Any claims not set forth in paragraph one above shall not be included in the case, except in

the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.

**4) A Prisoner Scheduling Order shall be entered directing service and setting a Rule 16 conference date.**

**5) A copy of this Case Management Order shall be served with the Complaint and Scheduling Order.**

**6) The defendants shall file an answer within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.**

**7) The Plaintiff's motion for appointment of counsel is denied. [d/e 16]**

Entered this 8th Day of December, 2010.

s/Joe Billy McDade
_____
JOE BILLY MCDADE
UNITED STATES DISTRICT JUDGE